United States Court of Appeals,

Fifth Circuit.

No. 94-10284

Summary Calendar.

Glenn G. LATHAM, Plaintiff-Appellant,

v.

Donna E. SHALALA, Secretary Department of Health & Human Services, Defendant-Appellee.

Nov. 2, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before REAVLEY, HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

Glenn G. Latham appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services (the "Secretary"), affirming the denial of his application for social security disability benefits and refusing to remand to the Secretary for consideration of new evidence. We vacate and order remand to the Secretary.

BACKGROUND

Latham suffers from multiple health problems including osteoarthritis, degenerative disc and joint disease, migraine headaches, and mental and emotional disorders. On March 11, 1991, he filed applications for disability insurance benefits and supplemental security income. Benefits were denied.

Latham sought judicial review of the denial of benefits. He also provided additional evidence to the district court in the form

1

of a Department of Veterans Affairs Rating Decision ("VA rating") which concluded that he was eligible for Veterans Affairs disability benefits. He made a motion to remand to the Secretary for consideration of this evidence. The district court, adopting the findings and recommendations of a magistrate, denied Latham's motion to remand and granted the Secretary's motion for summary judgment on the benefits determination.

DISCUSSION

This court may remand to the Secretary and order consideration of additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.A. § 405(g) (1991 & Supp.1994). The VA rating meets the statutory requirements, and we remand.

The VA rating is certainly new, since it was not issued until after the Secretary's determination. Latham can also meet the good cause requirement, since the rating decision was not previously available. Latham had applied for VA disability benefits and was awaiting the rating decision during the social security benefits application process. He did not receive the VA rating until late 1993, after the Secretary's final decision.

For new evidence to be material, there must exist the "reasonable possibility that it would have changed the outcome of the Secretary's determination." *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir.1981). The magistrate's findings, adopted by the district court, erroneously applied a different standard, requiring

2

that the evidence would "likely" have changed the Secretary's decision. In *Chaney,* the Fifth Circuit specifically rejected that more stringent standard. 659 F.2d at 679 n. 4; *see also Dorsey v. Heckler,* 702 F.2d 597, 604-05 (5th Cir.1983) (using the "reasonable possibility" standard); *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir.1985) (same).[1]

There exists a reasonable possibility that the VA rating would have changed the Secretary's determination. The ALJ based its decision to deny benefits partly on the fact that none of Latham's physicians had pronounced him disabled. The VA rating specifically makes a disabled finding and, like a physician's finding, constitutes evidence "entitled to great weight." *Rodriguez v. Schweiker,* 640 F.2d 682, 686 (5th Cir.1981). Nor is this evidence merely cumulative of other evidence, since no previous report had made a direct finding of disability. The VA rating also concludes that Latham suffers from "irritability, sleep disturbance, and memory problems." The ALJ did not find sufficient evidence supporting Latham's complaints in these areas. The additional evidence might well change that decision.

The VA rating also meets the timing element of materiality, since it "relate[s] to the time period for which benefits were

---

[1]In one case, *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir.1989), a Fifth Circuit panel cited *Chaney* but apparently mistakenly used the "likely" language. Where decisions conflict, the earlier decision should be followed. *Johnson v. Moral,* 843 F.2d 846, 847 (5th Cir.1988), *rev'd on other grounds,* 876 F.2d 477 (5th Cir.1989) (on rehearing). So, the "reasonable possibility" standard for materiality continues to apply in the Fifth Circuit.

denied." *Johnson v. Heckler,* 767 F.2d 180, 183 (5th Cir.1985).[2] The VA rating was based partly on medical records and physical examinations which postdated the September 4, 1992 decision of the ALJ. However, the rating decision also is based on hospitalization records from 1990, records which tracked Latham's outpatient treatment for more than a year before the ALJ decision, and Latham's overall medical history.

Latham has raised possible problems with the ALJ's application of legal standards in determining disability, which the Secretary should also consider when this case is remanded for consideration of additional evidence. First, the ALJ did not consider the possibility that Latham's pain and other symptoms might result from his mental condition. When medical findings do not substantiate the existence of physical impairments capable of producing alleged pain and other symptoms, the ALJ must investigate the possibility that a mental impairment is the basis of the symptoms. 20 C.F.R. § 404.1529(b).

The ALJ dismissed many of Latham's complaints of pain and severe discomfort when he decided that Latham's physical ailments were not serious. The ALJ noted that Latham had been diagnosed

---

[2]*Johnson* controls on this issue, so the evidence which Latham presents must meet this requirement. *Ferguson v. Schweiker,* 641 F.2d 243, 250 n. 9 (5th Cir.1981) holds that evidence of injuries incurred after the administrative hearing must be considered *if* a case is remanded to the Secretary but specifically declines to address the issue of whether such evidence could itself justify a remand. Recent Fifth Circuit cases have all required that additional evidence meet this timeframe requirement. *See, e.g., Haywood v. Sullivan,* 888 F.2d 1463, 1471 (5th Cir.1989).

with a possible somatization disorder. The basic feature of somatoform disorders is the presence of physical symptoms for which there are no demonstrable organic findings. 20 C.F.R. subpt. P, app. 1, § 12.07 (1994). Yet, the ALJ did not investigate the possibility that Latham's pain and symptoms existed as a result of the disorder.

Second, when making a finding that an applicant can return to his prior work, the ALJ must directly compare the applicant's remaining functional capacities with the physical and mental demands of his previous work. 20 C.F.R. § 404.1520(e) (1994). He must make clear factual findings on that issue. *See Abshire v. Bowen,* 848 F.2d 638, 641 (5th Cir.1988). The ALJ may not rely on generic classifications of previous jobs. SSR No. 82-61 (C.E.1982), 1982 WL 31387, 1982 SSR LEXIS 31.

Here, the ALJ found that Latham had a residual functional capacity for light and medium work and decided that he therefore could perform his past employment as sales manager and sales person, since those jobs required light to medium exertion capacity. The categories of light and medium are generic. They also refer only to exertional capabilities and do not address mental or emotional barriers to a return to previous employment. The ALJ concluded that Latham suffers from anxiety, depression and deficiencies in concentration and social functioning. Yet, he did not explain how these impairments do not prevent Latham from returning to his previous people-oriented employment.

The judgment of the district court is vacated and the case is

remanded with directions to remand to the Secretary for further proceedings.

VACATED AND REMANDED.