IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30203
Summary Calendar
_____


ALTON JONES,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER, Commissioner of
Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Louisiana
(93 CV 896 BM1)
_____
(August 25, 1995)

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]


I

Alton Jones filed an application for disability benefits and supplemental income on January 17, 1992, alleging the onset of disability from January 9, 1992, from a back and neck injury. Jones, a fifty-one-year-old high school graduate with vocational

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

training and work experience as an electrician, injured his back at work in 1990. At that time, he also complained of pain in his left knee. He returned to work, but injured his knee in 1991. He complained of pain in his neck and back, as well as in his left knee. He again returned to work, but the job was less active than his past electrical work, and he stopped working in January 1992. Jones also developed chest or heart pains in October 1992 for which he used nitroglycerin pills for relief.

Jones's applications and their reconsideration were denied. A hearing was conducted by an administrative law judge (ALJ) on November 18, 1992. Jones testified about the extent of his pain and the activities that he could do, given the fact of his pain. He stated that he could not afford to purchase the prescribed pain-relief medication and that he was taking Excedrin instead. Jones was then receiving unemployment benefits, thus holding himself out for hire as an electrician.

The ALJ found that Jones "met the disability insured status requirement for disability insurance benefits . . . through December 31, 1995," and that Jones "ha[d] not engaged in substantial gainful activity since January 9, 1992." After reviewing the medical evidence concerning Jones's back, left knee, and chest pain, the ALJ found that this established Jones's medical condition to be "severe degenerative changes in the cervical spine, lumbar spine and left knee, and a history of a myocardial infarction with angina." The ALJ noted that Jones's condition did

not meet or equal a listed impairment as found in Appendix One of the regulations and that the record did not indicate that Jones's condition was disabling per se.

In determining whether Jones was capable of performing his past relevant work as an electrician, the ALJ relied upon the residual functional capacity assessment (RFC) from the spring of 1992 and the orthopedic evaluation from March 1992. The ALJ analyzed Jones's complaints of pain and determined that these complaints were not supported by the medical evidence and were not credible to the extent that Jones testified. The ALJ found that Jones could not perform his past relevant work. However, Jones had the ability to perform the full range of light work. The ALJ relied upon the Medical-Vocation Guidelines (the Grid) to find that Jones was not disabled.

Jones requested review of this decision by the Appeals Council, and he attached additional medical evidence of his medical treatment subsequent to the hearing. This medical evidence included the results of a lumbar myelogram and a CAT scan of the lumbar spine that revealed "[d]iffuse annular disc bulge[s]" at the L2-3 and L3-4 levels and a "[m]oderate diffuse annular disc bulge . . . at the L4-5 level." The physician and the chiropractor diagnosed "[d]isc degeneration, associated facet syndrome, and radicular pain extending into the right lower extremities," and they recommended physical therapy and a pain-relief medication, Vicodin. See PHYSICIANS' DESK REFERENCE 1188-89 (46th ed. 1992)

(indicating drug usage as "relief of moderate to moderately severe pain"). The chiropractor, Dr. Robert Smith, opined that Jones was completely disabled and could lift nothing heavier than one pound. The Appeals Council upheld the ALJ's decision, concluding that the new medical evidence was consistent with the ALJ's determination and that the opinion of Dr. Smith was not supported by the medical findings.

II

Jones filed suit in federal court seeking to overturn the denial of disability benefits and supplemental income and offering new evidence of his medical condition after the Appeals Council decision. Cross motions for summary judgment were filed by the parties. Jones asked in the alternative for a remand to the Commissioner[1] in the light of the new medical evidence (concerning back surgery, a lumbar laminectomy, and discectomy). The magistrate judge recommended summary judgment for the Commissioner, including the conclusion that the new evidence was not material to justify a remand.

Jones filed objections to the magistrate judge's recommendation, and a letter written by Dr. Warren Williams, the surgeon who performed the laminectomy. Williams opined that Jones

---

[1]Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in social security cases was transferred to the Commissioner of Social Security effective March 31, 1995.

was permanently disabled and that the disability was a result of the symptoms present as far back as 1990 and was an expression of Jones's "ongoing chronic degenerative spine disorder." The district court gave de novo review to the record, adopted the magistrate judge's report and recommendation, and granted judgment in favor of the Commissioner.

## III

Jones argues that the district court erred in failing to remand his case to the Commissioner for consideration of his new medical evidence covering his lumbar laminectomy on October 22, 1993. He disagrees with the district court's characterization of this evidence as not material. In order to remand to the Commissioner, "the evidence must be (1) new, (2) material, and (3) good cause shown for the failure to incorporate the evidence into the record in a prior proceeding." Bradley v. Bowen, 809 F.2d 1054, 1058 (5th Cir. 1987); see 42 U.S.C. § 405(g).

"Materiality" implies that the evidence "relate[s] to the time . . . for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously nondisabling condition." Johnson v. Heckler, 767 F.2d 180, 183 (5th Cir. 1985) (internal quotations and citation omitted). Moreover, "a remand to the [Commissioner] is not justified if there is no reasonable possibility that it would have changed the outcome of the [Commissioner]'s determination." Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir.

1981) (footnote omitted).

Jones's new evidence concerns his care under Dr. Williams, beginning September 16, 1993, in which Williams concluded that Jones was a candidate for surgery on October 11, 1993. Surgery, the removal of a disc and the fusion of vertebrae, was performed on October 22, eight days after the Appeals Council made a final decision on disability. Moreover, Dr. Williams stated that his decision to operate was based not just on the herniated disc, but upon the symptoms experienced by Jones as far back as 1990 (medical evidence before the Appeals Council revealing that Jones had moderately diffuse and diffuse disc bulges at three lumbar areas in June 1993).

As noted by the ALJ, the record is rather scant on medical opinion concerning Jones's ability to perform work activities. The one RFC in the record is dated April 1992 and indicates that Jones can lift up to fifty pounds, with frequent lifts up to twenty-five pounds. The ALJ determined that Jones was not disabled because he had the RFC for the full range of light work. In the light of Jones's surgery and Dr. Williams's opinion that Jones is permanently disabled, it is reasonably possible that this new medical evidence would have changed this determination. See Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994).

The new evidence is material to the time in which disability benefits were denied. Cf. Bradley, 809 F.2d 1058 (noting that the new evidence related to claimant's condition more than three years

after the alleged onset of disability).  Jones had good cause for failing to present this evidence earlier because the surgery occurred eight days after the Commissioner's final decision.  <u>See also</u> <u>Latham</u>, 36 F.3d 482, 483 (5th Cir. 1994) (noting that claimant's Department of Veterans Affairs Rating Decision of disability was pending at the time of the social security benefits process and that the decision was received after the Secretary's final decision).

Therefore, we conclude that the district court erred in failing to remand the case to the Commissioner for consideration of this new evidence.  <u>See</u> <u>Latham</u>, 36 F.3d at 483-84.  We therefore REVERSE the judgment of the district court and REMAND to the district court with instructions to remand to the Commissioner for further consideration not inconsistent with this opinion.

REVERSED and REMANDED.