IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60297
Summary Calendar
_____


STERLING E. WILLIAMS, SR.,

                                        Plaintiff-Appellant,

versus

KENNETH S. APFEL,
Commissioner of Social Security,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:95-CV-875
- - - - - - - - - -
April 08, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Sterling E. Williams, Sr., appeals from the dismissal of his
complaint for judicial review of the Commissioner's denial of
social security benefits and from the denial of his post-judgment
motion seeking relief from the judgment.  Williams contends that
the Commissioner's decision was not supported by substantial
evidence; that Williams's former attorney engaged in unethical
conduct; and that the Administrative Law Judge (ALJ) should have
recused himself from Williams's case.

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Regarding Williams's substantial-evidence contention, we have reviewed the record and the briefs and we find no reversible error.  Accordingly, we affirm the district court's dismissal on the substantial-evidence issue for the reasons relied upon by the district court.  *Williams v. Chater*, No. 3:95-CV-875LS (S.D. Miss. Feb. 21, 1997)(unpublished).  Regarding evidence presented after the administrative record and the district-court record were completed, Williams has not shown that the evidence warrants remand to the Commissioner for further proceedings.  *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

The denial of Williams's post-judgment motion was not an abuse of discretion.  *Youmans v. Simon*, 791 F.2d 341, 349 (5th Cir. 1986).  The record indicates no unethical conduct on the part of Williams's attorney.  Williams has not shown plain error regarding his contention that the ALJ should have recused himself.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).  Williams failed to exhaust his administrative remedies regarding recusal, as he is required to do.  *Muse v. Sullivan*, 925 F.2d 785, 790-91 (5th Cir. 1991).

AFFIRMED.