# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 98-21085
Summary Calendar
_____

MARTIN CARDENAS,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3086)
_____

April 17, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Martin Cardenas appeals the district court's judgment affirming the Commissioner of Social Security's denial of disability benefits. Cardenas contends that there is *no* substantial evidence to support the Commissioner's decision. Based on our review of the record, the decision was supported by substantial evidence and the proper legal standards were used in evaluating the evidence. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cardenas contends that the Administrative Law Judge (ALJ) erred in discounting his complaints of pain. Contrary to this assertion, the ALJ considered the factors relevant to complaints of debilitating pain pursuant to 20 C.F.R. § 416.929. There is substantial evidence to support the ALJ's finding that Cardenas' testimony regarding his functional limitations and pain was *not* supported by the medical record and was *not* credible. *See **Falco v. Shalala***, 27 F.3d 160, 163 (5th Cir. 1994). The evidence also supports the ALJ's finding, based on testimony from a vocational expert, that there were a significant number of jobs which Cardenas could perform.

Cardenas urges this court to remand this case to the Commissioner for consideration of an ALJ decision finding that he is disabled as of 10 March 1996, one day after the ALJ's determination that is the subject of this appeal. This court may remand to the Commissioner for consideration of additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); ***Latham v. Shalala***, 36 F.3d 482, 483 (5th Cir. 1994). *No* remand is necessary, because the subsequent determination is *not* material to this proceeding.

***AFFIRMED***

2