**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 00-10240
Summary Calendar

RHONDA L. BOLTON,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-829-Y)

November 3, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Rhonda L. Bolton appeals the district court's judgment affirming the Social Security Commissioner's denial of disability benefits. We must determine whether there is substantial evidence in the record to support the denial and whether the proper legal standards were used in evaluating the evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988)).

Bolton claims the Administrative Law Judge (ALJ) erred in rejecting the opinion of her treating psychiatrist, Dr. Ouseph,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Bolton was disabled by her mental condition. *See* **Newton v. Apfel**, 209 F.3d 448, 455-56 (5th Cir. 2000) (discussing weight accorded treating physician's opinion). Although Dr. Ouseph's formal evaluation indicates she believed Bolton was seriously impaired, she did *not* state that Bolton was disabled by her impairments. Thus, the ALJ did *not* expressly reject Dr. Ouseph's opinion.

Bolton also claims her low IQ, coupled with her depression and/or schizoid personality traits, met the impairments described in listing 12.05C. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. Although the medical records reflect that Bolton did experience a single episode of severe depression, her depression responded to treatment and had apparently resolved by the time Bolton was examined by Dr. Greer. *See* **Johnson v. Bowen**, 864 F.2d 340, 348 (5th Cir. 1988) ("If an impairment reasonably can be remedied or controlled by medication or therapy, it cannot serve as a basis for a finding of disability.") (citing **Lovelace v. Bowen**, 813 F.2d 55, 59 (5th Cir. 1987)).

Further, because the term "static encephalopathy" was used in the medical records to refer to Bolton's borderline intellectual functioning, it did *not* constitute an *additional* work-related limitation of function under listing 12.05C.

Additionally, although Dr. Greer found Bolton had schizoid personality traits, he concluded that "her condition appear[ed] to be stable, and her prognosis for continued psychosocial adjustment fair". Thus, the ALJ did *not* err in concluding that Bolton failed

2

to show her impairments met the impairments described in listing 12.05C.

Finally, Bolton claims the ALJ did *not* properly analyze how Bolton could perform her past relevant work, given her mental and physical impairments. However, the ALJ did compare Bolton's remaining functional capacities with the physical and mental demands of her previous work as a housekeeper in concluding that she could perform such work. *See* **Latham v. Shalala**, 36 F.3d 482, 484 (5th Cir. 1994).

Dr. Greer concluded that "[s]ignificant deterioration or decompensation [were] simply not evident". In fact, Bolton conceded she "worked for many years with her very low IQ, and there is no indication that the IQ has diminished at any time". Bolton's ability to pursue gainful employment for many years, despite her static encephalopathy, provides substantial evidence that her condition is *not* disabling. **Johnson**, 864 F.2d at 347-48.

**AFFIRMED**

3