**Roger A. BRADLEY, Plaintiff–
Appellant,**

v.

**Jo Anne B. BARNHART, Commis-
sioner of Social Security, De-
fendant–Appellee.**

No. 03–6029.

United States Court of Appeals,
Second Circuit.

Dec. 12, 2003.

Gerald A. Harley, Littleton, Colorado (On Submission), for Appellant.

Michael P. Drescher, Assistant United States Attorney (Carol L. Shea, Chief, Civil Division, on the brief), for Peter W. Hall, United States Attorney for the District of Vermont, Burlington, Vermont, for Appellee.

PRESENT: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

SUMMARY ORDER

Roger Bradley appeals from a Judgment of the United States District Court for the District of Vermont (Jerome J. Niedermeier, *Magistrate Judge* ) affirming a final decision of the Commissioner of Social Security ("Commissioner") finding that Bradley is not disabled and, therefore, not entitled to disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.

In 1992, Bradley was deemed disabled due to alcoholism and began receiving social security benefits. Prior to that, Bradley had worked various jobs such as janitor, kitchen helper, and painter. In March 1996, however, Congress passed the Contract with America Advancement Act, which denied social security disability benefits if alcoholism or drug addiction materially contributed to the disability. Pub.L. No. 104–121 § 105(a)(1), (b)(1), 110 Stat. 847 (codified at 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J)). Pursuant to the Act, the Commissioner terminated Bradley's benefits, effective January 1, 1997. *See* Pub.L. No. 104–121 § 105(a)(5)(A), (b)(5)(A).

Rather than appeal the termination, in February 1997 Bradley filed a new application for benefits, claiming disability due to a variety of factors, principally borderline intellectual functioning, depression, coronary problems, grand mal seizures, ulcers, and hypertension. In January 1999, following administrative denials of Bradley's application and a hearing before an Administrative Law Judge ("ALJ"), benefits were denied.

The ALJ found that Bradley suffered from several severe impairments that "cause significant vocationally relevant limitations." She also found that, although Bradley was unable to return to his former employment, he is "able to make an adjustment to other work which exists in significant numbers in the national economy." The ALJ therefore concluded that Bradley was not disabled and, consequently, was ineligible for benefits. Bradley requested review of the ALJ's December 9, 2003's decision from the Social Security Administration Appeals Council, which denied his request. He then appealed to the District Court, which affirmed.

Bradley raises several issues on appeal. Bradley, however, failed to raise three of them before the District Court–namely, that the ALJ's finding that he is capable of performing other work is not supported by substantial evidence, that the ALJ failed to develop the factual record concerning his past relevant work, and that substantial evidence does not support the ALJ's finding that Bradley was not entirely credible. Consequently, these three issues are not properly before us. *See United States v. Angell,* 292 F.3d 333, 337 (2d Cir.2002) (applying "general rule ... that a federal appellate court does not

consider an issue not passed upon below") (internal quotation marks omitted).

In addition, Bradley asserts–in a conclusory fashion–that neither the ALJ nor the Appeals Council accorded proper weight to the opinion of one of his treating physicians, Dr. John E. Hearst, M.D. We disagree. The only reference Bradley makes to Dr. Hearst concerns a letter dated April 1, 1999, which Dr. Hearst sent to the Appeals Council, stating that Bradley "has been unable to work because of cardiac symptoms since October of this past Fall and is considered medically disabled through this period, at least into the near future." The Appeals Council, to whom Dr. Hearst's letter was submitted, explicitly considered it and concluded that it did not constitute a basis for review. We find no fault with that determination.

Bradley also contends that the ALJ erred by limiting her review to whether Bradley had been disabled since January 1997 because Bradley had received benefits up until that time. Bradley contends that the ALJ should have reviewed the file containing his 1992 favorable decision, including his application and medical records, before rendering a decision on his new 1997 application. The only support he cites for this contention is *Byam v. Barnhart*, 336 F.3d 172 (2d Cir.2003). There, we reiterated the general rule that "federal courts lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits," but noted an exception "where the claimant has been denied due process." *Id.* at 179–80 (citing *Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). Here, Bradley has made no showing of a denial of due process.

Finally, Bradley has submitted a May 21, 2003 Rating Decision from the Department of Veterans Affairs ("VA"), granting his October 2002 application for Veteran's benefits based on disability. He contends that while the VA rating is not binding on the Commissioner, it is entitled to great weight. *See Olson v. Schweiker*, 663 F.2d 593, 597 n. 4 (5th Cir.1981). Although Bradley does not ask us to remand this case to the Commissioner, we construe his argument as requesting a remand because the ALJ did not have an opportunity to consider the VA rating in the first instance. *See* 42 U.S.C. § 405(g). While we may remand for consideration of additional evidence, we may do so "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.; accord Latham v. Shalala*, 36 F.3d 482, 483–84 (5th Cir.1994). Bradley has made no showing that the VA rating is material. For new evidence to be material, it must be "both relevant to the claimant's condition during the time period for which benefits were denied and probative," and there must exist "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir.1991); *accord Latham*, 36 F.3d at 483. We believe these requisites have not been shown here. We express no view as to whether, in other factual contexts, rulings from other agencies such as the VA would be probative. Nor do we express any opinion as to whether, insofar as the VA decision dealt, in part, with a time period *after* that relevant to this application, that decision might be germane to a new disability application by Bradley. We have reviewed Appellant's other contentions and find them to be without merit.

Accordingly, the judgment of the District Court is hereby affirmed.