IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2008

No. 07-20608
Summary Calendar

Charles R. Fulbruge III
Clerk

EVERETT DOUGLAS HUNTER, (CHARLES C HUNTER, as the Personal
Representative of Appellant, Everett Douglas Hunter, for substitution in the
place and stead of the Appellant Everett Douglas Hunter, deceased)

Plaintiff-Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-cv-01474

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Everett Hunter filed an application for disability and supplemental social security benefits with the Social Security Administration, alleging that he suffered from back injuries and depression. On June 25, 2001, an Administrative Law Judge found Hunter was disabled, but also recommended Hunter submit to a medical examination within eighteen months to check for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

any improvement in his condition. Upon review, it was determined that Hunter's disability ceased on April 1, 2003. Hunter requested reconsideration, and a disability officer concluded that he was no longer disabled. Hunter requested and received a hearing before an ALJ. On November 21, 2005, the ALJ handed down its decision, concluding that Hunter was no longer disabled as of April 1, 2003. On March 15, 2006, the Appeals Council denied Hunter's request for review.

Hunter appealed pursuant to 42 U.S.C. § 405(g). The district court referred the case to a magistrate judge. Hunter filed a motion for summary judgment or remand based on newly discovered evidence. The new evidence was a cancer diagnosis; following exploratory surgery on September 26, 2006, Hunter was diagnosed as having pancreatic cancer, liver metastasis, obstructive jaundice, and possible obstructive duodenum.[1] The Commissioner also moved for summary judgment. The magistrate recommended affirming the ALJ's determination, and further concluded that there was no basis for remand because Hunter's new evidence was "immaterial to the appropriate time period." Hunter timely objected, and the district court conducted a de novo review. The district court adopted the magistrate's recommendations, and accordingly denied Hunter's motions and granted the Commissioner's summary judgment motion.

Hunter timely appealed; however, he succumbed to the cancer shortly after filing his notice of appeal. Hunter's personal representative is pursuing the appeal. The only issue raised on appeal is whether the district court erred in declining to remand the case to the Commissioner because of new evidence, a

---

[1] According to the procedure report, Hunter's pre-operation diagnosis was "probable cancer of the pancreas."

"sentence six" remand.[2] We review the district court's remand decision for abuse of discretion.[3]

Section 405(g) provides, in pertinent part, that the courts "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Evidence that was "not in existence at the time of the administrative and district court proceedings, meets the 'new' requirement for remand to the Secretary."[4] "For new evidence to be material, there must exist the 'reasonable possibility that it would have changed the outcome of the Secretary's determination.'"[5] "Implicit in the materiality requirement . . . 'is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'"[6]

The Commissioner concedes that Hunter's evidence is "new" and there is good cause for Hunter's having not raised it during the administrative proceeding. The only question is whether Hunter's new evidence is material.

---

[2] Hunter's personal representative noted that mootness could be an issue because Hunter is now deceased. We are persuaded by the Government that there is no mootness problem "due to the possible inheritability of underpayment of benefits." See 20 C.F.R. §§ 404.503(b), 416.543.

[3] See Dudley v. Astrue, 246 Fed. Appx. 249, 250, 251 (5th Cir. 2007) (unpublished); Bordelon v. Barnhart, 161 Fed. Appx. 348, 352 n. 12 (5th Cir. 2005) (unpublished); Allen v. Schweiker, 642 F.2d 799, 802 (5th Cir. 1981); Salinas v. Schweiker, 662 F.2d 345, 347 n.2 (5th Cir. 1981).

[4] Haywood v. Sullivan, 888 F.2d 1463, 1471 (5th Cir. 1989).

[5] Latham v. Shalala, 36 F.3d 482, 483 (5th Cir. 1994) (quoting Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981)).

[6] Johnson v. Heckler, 767 F.2d 180, 183 (5th Cir. 1985) (quoting Szubak v. Sec'y of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984)); see also Latham, 36 F.3d at 483.

The magistrate determined that "the evidence is not material because it does not relate to the time period for which benefits were denied." We conclude that there is no reversible error in this determination. Nothing in the medical evidence submitted demonstrates that Hunter was suffering from pancreatic cancer during the relevant time period.[7] The physician's report is largely silent about how long Hunter had cancer, but it did relate that Hunter "had recent 15-pound weight loss, early satiety and trouble with eating." And the affidavit Hunter attached to his summary judgment motion stated that "[r]ecently, I became jaundiced and sought medical attention." Hunter in essence only speculates that the cancer may have existed long before it was discovered. Without some basis to tie the pancreatic cancer to the period for which benefits were denied, we cannot say that the district court abused its discretion in declining to remand the case.

AFFIRMED.

---

[7] Compare Latham, 36 F.3d at 484 (finding a VA disability rating material where, although the rating was "partly" based on medical evidence that post-dated the ALJ's decision, "the rating decision also is based on hospitalization records from 1990, records which tracked Latham's outpatient treatment for more than a year before the ALJ decision, and Latham's overall medical history"); Jones v. Chater, No. 95-30203, 1995 WL 581584, at *2 (5th Cir. Aug. 25, 1995) (unpublished) (the ALJ had found that the claimant suffered from "severe degenerative changes in the cervical spine, lumbar spine" but that he was not disabled; this court found new evidence material where the claimant had back surgery eight days after the final administrative decision and the decision to operate was based in part on symptoms that pre-dated the claimant's application for benefits); Ripley v. Chater, 67 F.3d 552 (5th Cir. 1995) (claimant filed for benefits based on back injuries and ALJ found claimant was not disabled; this court found that MRI studies and surgery on claimant's back that occurred after Appeals Council refused to hear claimant's appeal to be material new evidence; "This [scar] tissue resulted from the initial surgery, in 1988, and was not a condition which developed after the ALJ's decision [in 1992]"); Perkins v. Shalala, No. 93-01940, 1994 WL 523788, at *3 (5th Cir. Sept. 12, 1994) (unpublished) (claimant sought benefits claiming in part a disabling heart problems; we concluded that new evidence was material because "Perkins has made a strong showing that the 'new' evidence presented confirms that he suffered from a disabling heart impairment at the time that the ALJ denied the benefits" (emphasis added)).