**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2009

No. 08-50823
Summary Calender

Charles R. Fulbruge III
Clerk

LARRY G RAMIREZ,

Plaintiff - Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
No. 5:07-CV-183

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Larry Ramirez appeals the district court's order affirming the final decision of the Commissioner of Social Security (the "Commissioner") that Ramirez was not disabled within the meaning of the Social Security Act (the "Act"). Because we find that the Commissioner's decision is based on substantial evidence and is in accordance with the law, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After injuring his shoulder on the job and injuring his hip at home in a separate incident, Ramirez filed for disability benefits with the Social Security Administration ("SSA"). The Commissioner denied the application and an administrative law judge ("ALJ"), using the required five-step process, issued a decision that Ramirez was disabled from March 1, 2001 through December 10, 2002, but not before or after that period of time. Ramirez brought an action for judicial review of that determination and the district court affirmed the ALJ decision. Ramirez appealed.

The issue in this case is whether the finding of the ALJ is supported by substantial evidence. Our review of a decision by the ALJ is limited to two inquiries: (1) whether it is supported by substantial evidence; and (2) whether it comports with relevant legal standards. *See Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994). *See also Randall v. Astrue*, 2009 WL 1578236 at n.5 (5th Cir. 2009). Substantial evidence is "relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). If the findings of the ALJ are supported by substantial evidence, they are conclusive. *Id.* "[W]e may neither reweigh the evidence in the record nor substitute our judgment for the [Commissioner's]." *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

Ramirez complains that the ALJ's finding of his residual functional capacity ("RFC") is not supported by substantial evidence and that the ALJ erred in finding that he retained the ability to perform his past relevant work as an assembler. Ramirez argues that the ALJ was not specific enough in finding that he retained his ability to perform work as an assembler. Ramirez further argues that the ALJ's questioning of the vocational expert was deficient and that a differently worded question would have resulted in different answers by the vocational expert and a subsequent finding of disability. We reject each of these

arguments.

The record does not support Ramirez's claim that the ALJ decision was not supported by substantial evidence because the ALJ failed to accept the opinion of any treating physician. In fact, the ALJ defers to Dr. Diment, who Ramirez calls his "longtime treating physician." Dr. Diment treated Ramirez for both his shoulder and hip throughout the period for which the ALJ found disability. Dr. Diment stated that Ramirez was "able to return to work with restrictions," on December 11, 2002. This aligns perfectly with the ALJ decision that the disability ended on December 10, 2002. Ramirez also claims that the ALJ failed to do a proper analysis of the requirements of his past work in comparison to Ramirez's residual functional capacity. We do not agree. The ALJ interviewed Ramirez on the requirements of his past assembly work, examined the limitations prescribed by doctors, asked the vocational expert whether Ramirez's RFC would allow him to perform his past relevant work, and followed the vocational expert's conclusions.

Further, substantial evidence also supports the ALJ's finding that Ramirez retained his ability to perform work as an assembler. Ramirez misinterprets a statement by Dr. Purewal as a determination that he could not perform his past work. What Dr. Purewal actually said was that Ramirez could not return to his former position "without restrictions," but that he could return with restrictions and in fact had no restrictions regarding the use of his right shoulder and arm. While Ramirez might not be able to do the exact work that he was doing on the day that he was injured, that injury occurred on only his second day on the job. His work history shows that he had other, less strenuous jobs prior to that. Further, even given the restrictions of being unable to lift or carry more than ten pounds with his left arm, there are no restrictions regarding the use of his right shoulder or right arm, which is his dominant arm. A vocational assessment found that there were 940,000 sedentary unskilled jobs

available at the time in Michigan's economy. Ramirez complains that the ALJ did not specify "plumbing" assembler, based on *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994). However, the ALJ specifically referred to plumbing assembly work in its finding. Furthermore, the specificity required in *Latham* was a specificity of the level of exertion of the work. *Id*. The ALJ was specific about this, finding that work as an assembler was a sedentary exertional level unskilled job.

Finally, we reject Ramirez's challenge of the hypothetical questioning of the vocational expert. Ramirez claims that if all of his limitations had been referenced in the hypothetical question, the vocational expert would have answered differently and the ALJ would have found that Ramirez could no longer perform work as a plumbing assembler. The record shows otherwise. The transcript of the hearing indicates that the vocational expert was fully familiar with the vocational exhibits in the court file. The transcript further indicates that when the ALJ posed his hypothetical question, he mentioned the shoulder injury, the hip injury, the sit/stand limitations, the limitation on performing simple repetitive tasks, and a variety of other limitations. There is no reason to conclude that the vocational expert did not have all of the information needed to make a proper recommendation. Accordingly, we conclude that the ALJ's findings were supported by substantial evidence.

For the above reasons, we AFFIRM the district court's order in favor of the Commissioner.