# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2012

No. 12-60022
Summary Calendar

Lyle W. Cayce
Clerk

STEPHANIE ROBERSON,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi, Hattiesburg
USDC No. 2:10-CV-225

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:*

Stephanie Roberson appeals the district court's judgment affirming the Commissioner of Social Security's decision that she is not entitled to Supplemental Security Income (SSI) on the basis of disability. Because the Commissioner applied the correct legal standards and because there is substantial evidence to support the decision, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60022

I.

Ms. Roberson applied for SSI in October 2008, alleging that she was disabled because of back problems and blindness in one eye. The Social Security Administration denied her application initially and upon reconsideration. Ms. Roberson then requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ found that Ms. Roberson's impairments were severe but that she nevertheless had sufficient functional capacity to perform the requirements of her previous work—as a motel housekeeper, kitchen helper, and cashier. The ALJ's decision became the Commissioner's final decision after the Appeals Council denied Ms. Roberson's request for review. The district court affirmed the decision of the Commissioner. Ms. Roberson timely appealed.

II.

Ms. Roberson contends on appeal that (1) the ALJ overestimated her residual functional capacity under step four of the sequential analysis used for evaluation of disability benefit claims; and (2) the ALJ failed to consider her impairments in combination. We review the Commissioner's decision only to ascertain whether it is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). We may not re-weigh the evidence or substitute our judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Id.*

The ALJ followed the proper sequential analysis in determining Ms. Roberson was not entitled to SSI. In so doing, she found that Ms. Roberson testified to performing daily activities—sitting, walking, and doing light household chores for much of the day—that were not limited to the extent one would expect, given her complaints of disabling pain and weakness. She found further that Ms. Roberson had not received the degree of medical treatment or presented the kind of clinical abnormalities one would expect, were her

No. 12-60022

functioning as limited as she alleged. Although Ms. Roberson's treating physician noted in April 2009 that she was "disabled at this time," such declarations are not determinative, particularly when considered in the light of the clinical findings. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) ("Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.'"). Based on our review of the record, the ALJ's decision is supported by substantial evidence.

Next, the ALJ's decision reflects that she did consider Ms. Roberson's impairments in combination. The decision references "impairments" in several places. It also includes a thorough discussion of Ms. Roberson's medical history and the symptoms of both her back and vision problems.

Ms. Roberson has submitted to our court, as she did to the district court, medical records not included in the administrative record. We agree with the district court's ruling that this evidence is not material and thus does not warrant remand. *See Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) ("For new evidence to be material, there must exist the reasonable possibility that it would have changed the outcome of the [Commissioner's] determination." (internal quotation marks omitted)). Moreover, Ms. Roberson does not show good cause for not presenting this evidence to the ALJ. *See* 42 U.S.C. § 405(g).

III.

We conclude that the Commissioner's decision is supported by substantial evidence and resulted from application of the correct legal standards. Accordingly, the decision of the district court affirming the Commissioner's denial of benefits is

AFFIRMED.

3