# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2020

No. 19-50390
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT EUGENE SCHULER,

Plaintiff – Appellant.

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CV-47

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

This is a Social Security benefits dispute. Robert Schuler began collecting Social Security benefits in 2007. In 2012, he received a letter from the Social Security Administration ("SSA") that informed him that a mistake had been made in calculating his wages in 2007. His former employer—Flint Hills Resources, LP—had filed a Corrected Wage and Tax Statement (W-2c), which indicated that Schuler earned less in 2007 than the SSA originally believed. Because of this mistake, the SSA told him that it had overpaid him $54 and his future benefits would be reduced. Believing that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50390

documentation relied on by the SSA was mistaken, Schuler worked his way through the SSA's review process. In 2015, an ALJ reviewed his claim. The ALJ expressly determined that Flint's W-2c was "on its face, completely valid." Moreover, a letter from Flint casting doubt on the W-2c did not sufficiently undermine it. Thus, the ALJ found that Schuler "failed to establish that the W-2c . . . [was] invalid or contain[ed] incorrect information." Three years later, the Appeals Council denied review, making the SSA's decision final.

During proceedings in the district court, Schuler provided the court with a new W-2c that Flint sent him in 2018. Schuler had requested the document in a 2013 letter, but Flint did not respond until 2018. Schuler claimed this new W-2c showed he was right all along. But the district court declined to remand Schuler's case back to the SSA to consider the new W-2c because the court determined that the new W-2c was insufficient to merit such an action. Schuler appealed.

When we consider appeals from the SSA, we do not review new evidence. Instead, when new evidence has been raised, "our review . . . is limited to determining whether to remand for the consideration of the newly presented evidence." *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989). Remand is only appropriate, however, when the evidence is "new," "material," and "there is good cause for the failure to incorporate such evidence into the record in a prior [SSA] proceeding." 42 U.S.C. § 405(g); *Haywood*, 888 F.2d at 1471. We review the district court's decision on new evidence for an abuse of discretion. *Hunter v. Astrue*, 283 Fed. Appx. 261, 262 (5th Cir. 2008).

It is undisputed that the corrected W-2c from Flint is new. And the SSA barely contests Schuler's good cause for submitting the evidence late. After all, Schuler only received Flint's reply to his 2013 request for the document in 2018. He thus "had a legitimate reason why this evidence was not produced earlier." *Ripley v. Chater*, 67 F.3d 552, 556 (5th Cir. 1995).

No. 19-50390

The only real dispute is whether the new W-2c is material. We hold that it is. For evidence to be material, there must be a "reasonable possibility that it would have changed the outcome of the [SSA's] determination." *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981)). Here, the new W-2c clearly would have. The ALJ held that Schuler did not provide enough evidence to prove that the old W-2c contained "incorrect information." Now, Flint has prepared a new W-2c that indicates the old W-2c indeed had incorrect information. This "new evidence provides an objective basis" for Schuler's claim to the SSA that it changed his benefits incorrectly. *Ripley*, 67 F.3d at 555. And, on appeal, the SSA even concedes that the new W-2c has led them to update *its own records*. Accordingly, there is no doubt that there is at least "a reasonable possibility" the ALJ would have evaluated the old W-2c differently had he had this new evidence. *Latham*, 36 F.3d at 483. The district court abused its discretion in holding otherwise.†

Since the new W-2c is material and Schuler had good cause for not submitting it earlier, we must remand so that the new evidence may be considered by the SSA. *Ripley*, 67 F.3d at 558. So ordered.

---

† The district court also relied on Schuler's failure to file proper procedures in submitting this new evidence to the court. But the SSA does not raise this argument in their brief, so any reliance on it has been forfeited. *See, e.g.*, *Satterfield & Pontikes Constr., Inc. v. U.S. Fire Ins. Co.*, 898 F.3d 574, 584 (5th Cir. 2018) ("An argument that is not pressed in the original brief is [forfeited] on appeal."). Further, the SSA initially sought to dismiss this case as moot. While the SSA has conceded that it updated its records, the SSA has not indicated that it has restored Schuler's benefits since the 2012 reduction—one of the forms of relief Schuler seeks. Accordingly, this case is not moot. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009).