**Francisco SALINAS, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 81–1232
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 25, 1981.

---

Luis M. Segura, San Antonio, Tex., for plaintiff-appellant.

Hugh P. Shovlin, Asst. U.S. Atty., San Antonio, Tex., for defendant-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

PER CURIAM:

Plaintiff Salinas filed an application for disability insurance benefits, alleging that he was unable to work. The application was denied administratively, both initially and on reconsideration, after a physician and a disability examiner evaluated the evidence and determined that plaintiff was not disabled. Plaintiff's claim was considered *de novo* by an administrative law judge of the Social Security Administration, who found that plaintiff was not disabled. On review before the district court under § 205(g) of the Social Security Act, 42

U.S.C. § 405(g), the Secretary's decision was upheld as supported by substantial evidence and defendant's motion for summary judgment was granted.[1] We agree with the district court's determination and, therefore, we affirm.

Our sole duty in reviewing a case such as this one is to determine whether there is substantial evidence in the record to support the findings of the Secretary. *Perez v. Schweiker*, 653 F.2d 997, 999 (5th Cir. 1981); *Rodriguez v. Schweiker*, 640 F.2d 682, 685 (5th Cir. 1981). The record contains substantial evidence when there is such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *Perez, supra, Anderson v. Schweiker*, 651 F.2d 306, 308 (5th Cir. 1981).

Plaintiff argues that the absence of any vocational expert at the administrative hearing means that the Secretary's decision was not supported by substantial evidence. We disagree.

 The Secretary carefully considered all the medical evidence of record and plaintiff's testimony and determined that although plaintiff was unable to perform his past relevant work as a grinder in an automotive factory, he possessed residual functional capacity for at least "light work," as defined by 20 C.F.R. § 405.1510(c) (1980), which provides:

**1.** More than thirty days after the district court signed and conferred its order granting summary judgment in favor of defendant, the magistrate filed findings and recommendations that were favorable to defendant. Salinas argues, and the government accepts, that we should not consider the magistrate's findings.

**2.** In Salinas's motion for summary judgment, he attached two additional medical reports that were not before the ALJ. Although Salinas concedes that we may not consider these reports in determining whether the Secretary's decision was supported by substantial evidence, he urges that we exercise our discretion under 42 U.S.C. § 405(g) to remand the case to the Secretary, for "good cause shown," in order to have the ALJ consider these reports. Assuming that this was an appropriate case for remand under the statute, we would decline to exercise our discretion to remand because the reports to which Salinas refers are ambiguous,

(c) *Light work.* Light work entails lifting 20 pounds maximum with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be only a negligible amount, a job is in this category when it requires walking or standing to a significant degree, or when it involves sitting most of the time with a degree of pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, an individual must be capable of performing substantially all of the foregoing activities. The functional capacity to perform light work includes the functional capacity to perform sedentary work.

This finding of the ALJ is supported by, *inter alia*, Salinas's own physician who, in his medical report, stated that plaintiff could, in his estimation, lift, carry, push, or pull 10 to 20 pounds.[2] In addition to finding that Salinas possessed residual functional capacity, the ALJ found that Salinas was a "younger individual" according to 20 C.F.R. § 14.1506(b) (1980)[3] and had a "marginal education" according to 20 C.F.R. § 14.1507(c) (1980).[4]

The difficulty arises, according to Salinas, in the structure of administrative notice provided by the rules. Regulation 20 C.F.R. § 404.1513 discusses 20 C.F.R. § 404, Subpart P, Appendix 2, which sets forth rules reflecting the major functional and voca-

conclusory, and apparently unsupported by clinical data.

**3.** 20 C.F.R. § 14.1506(b) (1980) defines "younger individual" as:

(b) *Younger individual.* In the case of a younger individual (under age 50), age in itself is ordinarily not considered to affect significantly the individual's ability to adapt to a new work situation.

**4.** 20 C.F.R. § 14.1507(c) (1980) defines "marginal education" as:

(c) *Marginal education.* Marginal education refers to competence in reasoning, arithmetic, and language skills which are required for the performance of simple, unskilled types of jobs. Absent evidence to the contrary, formal schooling at a grade level of sixth grade or less is considered a marginal education.

tional patterns that are encountered in cases in which claimants are not engaging in substantial gainful activity and are prevented by a medically determinable impairment from performing their vocationally relevant past work, and where claimants do not qualify for disability stated on medical considerations alone. Regulation 404.1513 provides that when the findings of fact made as to all factors (age, education, transferability of skills, work experience, and residual functional capacity) coincide with the criteria of a rule in Appendix 2, that rule directs a conclusion as to whether the claimant is "disabled" or "not disabled." In the present case, the ALJ applied his findings of fact to Rule 202.17, Table 2, of Appendix 2, which provides:

Table No. 2—Residual Functional Capacity:
Maximum Sustained Work Capability Limited
To Light Work as a Result of Severe Medically
Determinable Impairment(s)

| Rule | Age | Education | Previous Work Experience | Decision |
|------|-----|-----------|--------------------------|----------|
| 202.17 | Younger individual | Limited or less- At least literate and able to communicate in English | Unskilled or None | Not Disabled |

The ALJ concludes that Salinas was not disabled.

▮▮▮ Given the explicit factual findings in the record by the ALJ, the existence in the economy of jobs that a person with Salinas's qualifications could fill could be established by administrative notice, 20 C.F.R. § 404.1509(c) (1980).[5] The tables in Appendix 2 are a sophisticated method of taking this administrative notice that is permitted by the regulations.

▮▮▮ Although the Secretary may decide to use a vocational expert to establish the existence of work in the national economy that an applicant is capable of performing, it is by no means necessary. The Fourth Circuit has recently upheld the use of these vocational regulations by the Secretary in

5. 20 C.F.R. § 404.1509(c) (1980) provides:

(d) *Administrative notice of job data.* In the determination of whether jobs, as classified by their exertional and skill requirements, exist in significant numbers either in the region or the national economy, administrative notice shall be taken of reliable job information available from various governmental and other publications; e. g., "Dictionary of Occupational Titles," published by the Department of Labor; "County Business Patterns", published by the Bureau of the Census; "Census Reports", also published by the Bureau of the Census; occupational analyses prepared for the Social Security Administration by various State employment agencies; and the "Occupational Outlook Handbook", published by the Bureau of Labor Statistics.

It should also be noted that although no testimony was given by a vocational expert at the hearing, the ALJ was able to consider the report of the Bureau of Disability Insurance vocational specialist who concluded that Salinas retained the residual capacity to perform numerous types of work activity. The specialist listed those activities. Salinas argues that this report is worthless because it was prepared about 16 months before the hearing, and, more importantly, fails to take into account that Salinas now lives in Texas and not Illinois. Salinas's argument ignores the plain language of 20 C.F.R. § 404.1509(9) (1980) which states, consistent with the explicit provision of 42 U.S.C. § 423(d)(2)(A):

(a) *General.* Work is considered to exist in the national economy when it exists in significant numbers *either in the region where the individual lives or in several other regions of the country, regardless of whether such work exists in the immediate area in which the individual lives,* or whether a specific job vacancy exists for the individual, or whether the individual would be hired if the individual applied for work.

(emphasis supplied)

lieu of calling a vocational expert to testify *Frady v. Harris*, 646 F.2d 143, 144–45 (4th Cir. 1981). In addition, the most recent regulations, albeit not applicable to the time period involved in this case, explicitly empower the Secretary to use his discretion in employing the services of a vocational expert. 20 C.F.R. § 404.1566(e) (1981).[6]

 Salinas relies on our decision in *Johnson v. Harris*, 612 F.2d 993 (5th Cir. 1980) to establish the need for a vocational expert. However, in *Johnson* we remanded for further hearing because of insufficient questioning by the ALJ of the vocational expert; the ALJ asked the vocational expert what sedentary jobs the claimant could do, given his qualifications, but " '*disregarding completely* any mental or physical impairment which the claimant may have or he found to have.' " 612 F.2d at 998 (emphasis in original). In the present case, the ALJ determined that Salinas's impairments were of sufficient severity so as to limit Salinas to light work—only then did the ALJ consult the vocational regulations. Because Salinas's physical impairments were considered in determining whether he could engage in substantially gainful employment, this case is distinguishable from *Johnson.*

Salinas's case is also distinguishable from our recent decision *Perez v. Schweiker*, 653 F.2d 997 (5th Cir. 1981), in which we rejected the use of vocational regulations to establish a lack of claimant's disability. In *Perez*, we held that the vocational regulations were inapplicable because, by their own terms, these guidelines apply only when all factors used in the tables coincide with the claimant's actual situation, and there was no evidence in the record to indicate that Perez had residual capacity to perform "light" work. In Salinas's case, there was ample evidence in the record to support the ALJ's findings that were then "plugged into" the vocational regulations.

In this case, the use by the Secretary of vocational regulations in lieu of vocational expert testimony was proper, and, therefore, we AFFIRM.

AFFIRMED.

---

**6.** 20 C.F.R. § 404.1566(e) (1981) states:

(e) *Use of vocational experts and other specialists.* If the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue,

we may use the services of a vocational expert or other specialist. We will decide whether to use a vocational expert or other specialist.

The regulations in 20 C.F.R. Subpart P were substantially revised in 1981. *See* 20 C.F.R. §§ 404.1501–1598 (1981).