**Victoria VASQUEZ, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. C–80–3551 SAW.**

United States District Court, N. D. California.

March 19, 1982.

---

Robert E. Taren, Santa Cruz, Cal., for plaintiff.

Rodney H. Hamblin, U. S. Atty., Stephen Shefler, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## ORDER

WEIGEL, District Judge.

Plaintiff suffers from obesity, diabetes, osteoarthritis, and back and leg pains. After being denied disability insurance benefits, plaintiff sought and obtained a hearing by the administrative law judge (ALJ). The ALJ found that plaintiff was capable of performing "light and sedentary work," and denied her disability insurance benefits. The Court reviewed the ALJ's finding and remanded the action on September 23, 1981, on the grounds (1) that the ALJ mechanically utilized the Medical-Vocational guidelines (the grid) to find that plaintiff was disabled without additional findings on plaintiff's particular skills and the specific job types available and (2) that new evidence, which materially bears on plaintiff's case, should be heard.

The Secretary's motion to reconsider is now before the Court. He argues (1) that promulgation of the grid and its use to satisfy the Social Security Administration's burden of demonstrating the availability of jobs in the national economy is a valid exercise of statutory rule-making authority and (2) that the grid regulations are reasonable and procedurally fair.

These arguments are beside the point. The Court's Order did not invalidate the grid's use in proper circumstances. Indeed, recent circuit court decisions have upheld the use of the grid by the ALJ in appropriate cases. *See Cummins v. Schweiker*, 670 F.2d 81 at 83–84 (7th Cir. 1982); *Kirk v. Secretary of HHS*, 667 F.2d 524 at 531, and related cases, (6th Cir. 1981); *Salinas v. Schweiker*, 662 F.2d 345 (5th Cir. 1981); *accord Clift v. Schweiker*, Civ. No. 81–2438 WWS (N.D.Cal. March 4, 1982); *see also Patti v. Schweiker*, 669 F.2d 582 at 583 (9th Cir. 1982) (dicta) (criticizing complainant's challenge to use of grid as "not well taken.") The grid cannot be used, however, unless the claimant falls *precisely*

into one of the grid's categories. *See, e. g., Gagnon v. Secretary of HHS*, 666 F.2d 662 (1st Cir. 1981); *Clift v. Schweiker, supra.* In its prior Order, the Court found that the ALJ's conclusion that plaintiff's actual circumstances coincided with the grid and his finding that plaintiff was capable of performing "light and sedentary work," was not supported by substantial evidence. *See* Order of September 23, 1981, *Vasquez v. Schweiker*, Civ. No. C–80–3551 SAW (N.D. Cal. Sept. 23, 1981). *See also Salinas v. Schweiker*, 662 F.2d 345 (5th Cir. 1981) (must be substantial evidence to show claimant's actual circumstances coincided with grid). Because the ALJ improperly discounted plaintiff's nonexertional factors, *see* 20 C.F.R. Pt. 404, Subpart P, Appendix 2, § 200(e) (1981), such as her complaints of pain, *see Gagnon v. Secretary of HHS, supra*, the Court concluded that the ALJ had mechanically utilized the grid. Order of September 23, 1981, *supra* at 2; *see also* 20 C.F.R. Pt. 404, Subpart P, Appendix 2, § 200(e) (1981) (where nonexertional factors present, grid overestimates number of jobs available). Thus, the Court remanded the action for additional findings on plaintiff's *particular* skills and *specific* job types available to her. Order, *supra* at 2. The taking of expert vocational testimony to determine plaintiff's particular skills is the proper method for determining whether *this* plaintiff is or is not disabled. *Hall v. Secretary of HEW*, 602 F.2d 1372 (9th Cir. 1979).

Finally, even if the Court had based its prior Order on the invalidity of the grid, the Court also held that new evidence required remand. Order of September 23, 1981, *supra* at 2. The Secretary did not object in its motion for reconsideration to this basis for the Court's September 23, 1981 Order. The Court remains convinced, therefore, that the ALJ must consider the new evidence. Accordingly,

IT IS HEREBY ORDERED that defendant's motion for reconsideration is denied.