Harold **BROUSSARD**,
Plaintiff-Appellant,

v.

Otis R. **BOWEN**, M.D., Secretary, Department of Health and Human Services, Defendant-Appellee.

No. 87–4232
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1987.

---

John D. Thompson, Jr., Henry C. Remm, Jr., Ernie L. Vallery, Lafayette, La., for plaintiff-appellant.

Marguerite Lokey, Dallas, Tex., Leven H. Harris, Asst. U.S. Atty., Shreveport, La., Patrick A. Hudson, Dallas, Tex., for defendant-appellee.

Before RUBIN, HIGGINBOTHAM and HILL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The district court denied a request under the Equal Access to Justice Act by a successful Social Security benefits applicant for attorney's fees on the ground that the Secretary's position in denying benefits, while erroneous, was substantially justified. The issue is close, and we could not fault the district court had it awarded the fees sought. Our standard of review for such decisions, however, is abuse of discretion, and we can find no such egregious fault in the decision. We therefore affirm.

I.

Harold Broussard had received disability benefits since 1971 because of mental disorders. In 1980, the Secretary terminated his benefits. Broussard protested, and in 1983 an Administrative Law Judge held a hearing on his complaint. The Administrative Law Judge found that Broussard was capable of performing some type of work that would not require regular and intimate contact with the general public or subject him to stressful conditions. In 1984, on Broussard's appeal to the United States District Court, the district judge found that the ALJ's decision was not supported by substantial evidence and must be remanded for further proceedings.

Subsequent to the decision of the district court, Congress enacted the Social Security Disability Benefits Reform Act of 1984,[1] pursuant to which the Secretary adopted new regulations. With certain exceptions, these regulations require the Secretary to determine, before terminating benefits, that there has been a decrease in the medical severity of the recipient's condition.[2] Such a determination must be based on improvement in symptoms, medical signs, or laboratory findings.[3] The Secretary's conclusion on remand, that Broussard's disability had not ceased, was reached after the adoption of these regulations.

II.

After the district court remanded the case for further proceedings, Broussard filed an application with the district court for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[4] According to the EAJA, the court must award attorney's fees to a successful Social Security benefits claimant unless the Secretary proves that its position was "substantially justified."[5] Broussard contends that the Secretary was not substantially justified in defending this case because the Secretary lacked a reasonable basis for arguing that Broussard was no longer disabled.

A detailed review of the evidence before the ALJ is unnecessary. The district court correctly held the evidence not substantial enough to sustain the result. Whether the evidence was substantial enough to sustain the ALJ's determination, however, is a different inference from whether the Secretary's position was substantially justified.

The substantial-evidence standard and the without-reasonable-justification standard are neither semantic nor legal equivalents. Support by substantial evidence im-

1. Pub.L. No. 98–460, 98 Stat. 1794 (1984).

2. 20 C.F.R. § 404.1594(a), (b)(1) (1986).

3. *Id.*

4. 28 U.S.C. § 2412(d)(1)(A) (Supp. III 1985).

5. *Id.*

plies a stronger basis than exacted by a decision with reasonable justification. In *Federal Election Commission v. Rose,*[6] the D.C. Circuit observed:

Thus, at the EAJA stage, the court is not wedded to the underlying judgment on the merits in assessing either the Government's litigation position or its underlying conduct. To the contrary, Congress' inclusion of the discrete legal standard makes clear that an independent evaluation through an EAJA perspective is required.... Only through a fresh look occasioned by application of the "substantially justified" standard can the court honor Congress' intent, manifest in the inclusion of this standard, not to permit a prevailing party automatically to recover fees.

The "substantial evidence" standard, used to consider the merits of the agency decision, has been defined by the Supreme Court as "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] On the other hand, the "substantial justification" standard, used to determine whether the government was justified in continuing to defend its position in court, requires only that there be a reasonable basis in law and in fact for the position taken. As this Court noted in *Herron v. Bowen,*[8] the government's mere loss of the case gives rise to no presumption that the government's position was not substantially justified, and a finding of no substantial evidence does not mandate an award of EAJA fees or complete the court's inquiry.

The determination whether the government's position was substantially justified involves both legal and factual aspects. If the government can show that its position has a reasonable basis both in law and in fact, fees should be denied.[9] We may, however, reverse a district court order denying fees under the EAJA only if we find that the district court abused its discretion when it decided that the government's position had a reasonable basis.[10] Thus, in determining whether a lower court abused its discretion, we may, pursuant to Fed.R. Civ.P. 52(a), overturn findings of fact only if "clearly erroneous," while we may review conclusions of law *de novo.*[11]

Broussard asserts that, when the district court remanded the case to the Secretary for further proceedings, the district judge found the position of the Secretary to be "unreasonable" and not supported by substantial evidence. The district court opinion, however, does not state that the position of the government was "unreasonable," but only that there was not substantial evidence to support the decision.

The district court's review of the facts was not clearly erroneous.[12] The principles of law it applied were correct, and its final decision was well within the limits of judicial discretion.

In *Buckley v. Heckler,*[13] the Fifth Circuit held that in termination-of-benefits cases the Secretary is required to specifically demonstrate medical improvement. Although the *Buckley* opinion had not yet been rendered when the district court decided this case, the district court imposed a similar requirement. The court stated:

It is clear that the Secretary may terminate disability benefits whenever she obtains evidence that a claimant's disability has ceased. However, ... "once evidence has been presented which supports a finding that a condition exists, it is presumed, in the absence of proof to the contrary, that the condition has remained unchanged."

---

6.  806 F.2d 1081, 1087 (D.C.Cir.1986).

7.  *Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).

8.  788 F.2d 1127, 1130 (5th Cir.1986).

9.  *Herron,* 788 F.2d at 1130.

10.  *Russell v. National Mediation Bd.,* 775 F.2d 1284, 1289 (5th Cir.1985); *Knights of the Ku Klux Klan v. East Baton Rouge Parish School Bd.,* 679 F.2d 64, 68–69 (5th Cir. Unit A 1982).

11.  *Russell,* 775 F.2d at 1289.

12.  Fed.R.Civ.P. 52(a).

13.  739 F.2d 1047, 1048–49 (5th Cir.1984).

... [W]e must ascertain whether the Secretary's finding of improvement to the point of no disability is supported by substantial evidence....

\* \* \* \* \* \*

∴ ... [T]his Court is unable to justify a finding that Mr. Broussard's disabling condition has *improved* since he was initially awarded disability benefits.[14]

Even measured against this standard, we find no clear error in the district court's determination that there was a reasonable basis in fact for the Secretary's position. The evidence presented before the Administrative Law Judge showed that Broussard had not seen a mental health doctor in seven years, had not seen his personal physician for long periods of time, and was taking medication to allay his symptoms only sporadically. Two consultative examinations had been performed, both of which showed that he was well-oriented and had an adequate memory. The examining psychiatrist found him to have a moderately severe personality disorder, but felt that he was capable of handling his own affairs. Although it is clear that Broussard did not enjoy perfect mental health, the district court did not commit clear error in finding the Secretary's position to be reasonable.

Because the Secretary's argument that there was an improvement in Broussard's condition had a reasonable basis in fact, we need not address the Secretary's alternative argument—raised on appeal but not in the record of proceedings before the district court—that a finding of medical improvement was unnecessary before the Fifth Circuit rendered the *Buckley* decision.

At the time the Secretary terminated Broussard's benefits, the legal requirements for vocational expert testimony in cases like Broussard's—where the claimant has solely nonexertional impairments—was unclear.[15] Indeed, in remanding this case, the district court suggested that a vocational expert be called. In doing so he stated,

> The Fifth Circuit Court of Appeals, in the case of *Salinas v. Schweiker,* 662 F.2d 345 (1981)[,] did not rule out utilization of vocational experts testimony. In *Salinas* the Court only held that the use of vocational experts to determine the existence of jobs is not *mandatory.*[16]

The Secretary's belief that such testimony was not mandatory was therefore not unreasonable.

In referring to the medical-vocational guidelines, the Secretary's regulations state:

> Since the rules are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs, they may not be fully applicable where the nature of an individual's impairment does not result in such limitations, e.g., certain mental, sensory, or skin impairments....
>
> (1) In the evaluation of disability where the individual has solely a nonexertional type of impairment, determination as to whether disability exists shall be based on the principles in the appropriate sections of the regulations, giving consideration to the rules for specific case situations in this Appendix 2. The rules do not direct factual conclusions of disabled or not disabled for individuals with solely nonexertional types of impairments.[17]

Recent case law has emphasized that, when the claimant has a solely nonexertional impairment, use of the medical-vocational guidelines in reaching a decision is improper.[18] However, it was not until after

---

**14.** Emphasis in original; citations omitted.

**15.** *See Carter v. Heckler,* 712 F.2d 137, 142 (5th Cir.1983); *Dellolio v. Heckler,* 705 F.2d 123, 127–28 (5th Cir.1983); *Salinas v. Schweiker,* 662 F.2d 345, 348–49 (5th Cir.1981); Rulings, Soc. Sec.Rep.Serv. (West) SSR 83–13, at 63 (1987 Supp.).

**16.** Emphasis in original.

**17.** 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.-00(e) (1986).

**18.** *See Pate v. Heckler,* 777 F.2d 1023, 1025–26 (5th Cir.1985).

this case was remanded that this court clearly and specifically required vocational expert testimony or similar evidence in such cases.[19]

While we have summarized the support for the government's position, we are aware of the fact that Broussard prevailed and should have prevailed, and that the Secretary's original position was hardly objective. Nonetheless, the question of substantial justification is essentially for the district court and we do not substitute our view.

For these reasons, the judgment is AFFIRMED.

---

**19.** *See Fields v. Bowen,* 805 F.2d 1168, 1170 (5th Cir.1986) (citing *Lawler v. Heckler,* 761 F.2d 195, 198 (5th Cir.1985)).