**John CARTER, Sr., Plaintiff,**

v.

**Shirley CHATER, Commissioner of Social Security, Defendant.**

**Civil Action No. 95–1695.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Dec. 18, 1996.

Phill M. Edwards, Acadiana Legal Svc. Corp, Lafayette, LA, for plaintiff.

John A. Broadwell, U.S. Attorney's Office, Shreveport, LA, for defendant.

## MEMORANDUM RULING

METHVIN, United States Magistrate Judge.

Counsel for plaintiff filed a petition for attorneys fees and litigation expenses pursuant to § 204(a) of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (Rec. Doc. 19). Counsel seeks an award in the amount of $6,303.25 representing 50.72 hours at $125.00 per hour plus litigation expenses in the amount of $6.42 for a total of $6,310.17. The Commissioner filed an opposition objecting to the award of such fees and expenses and to the hourly rate charged by counsel for plaintiff (Rec. Doc. 22).

### EAJA

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the United States to show that the stated statutory exceptions make an award of fees and expenses inappropriate. *Martin v. Heckler,* 754 F.2d 1262, 1264 (5th Cir.1985); *see also Russell v. National Mediation Board,* 775 F.2d 1284, 1288 (5th Cir.1985).

### A. Pending Motion To Amend Judgment

By separate Memorandum Ruling issued this date, I denied the Commissioner's motion to amend judgment. Plaintiff, therefore, remains the prevailing party entitled to request EAJA fees under the cited authorities.

### B. Whether the commissioner's position was substantially justified

The Commissioner submits that her position was substantially justified and therefore EAJA fees are not appropriate in the instant case.

"Substantially justified" means justified to a degree that would satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Broussard v. Bowen,* 828 F.2d 310, 312 (5th Cir.1988). The Fifth Circuit has held that a "substantially justified" position and the "substantial evidence" standard for review of the ALJ's decision are two different standards. *Broussard v. Bowen,* 828 F.2d 310, 311 (5th Cir.1987). The court stated:

> The substantial evidence standard and the without reasonable justification standard are neither semantic nor legal equivalents. Support by substantial evidence implies a stronger basis than exacted by a decision with reasonable justification . . .

The "substantial evidence" standard, used to consider the merits of the agency decision, has been defined by the Supreme Court as "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." On the other hand, the "substantial justification" standard used to determine whether the government was justified in continuing to defend its position in court, requires only that there be a

reasonable basis in law and in fact for the position taken.

*Id.,* 828 F.2d at 311–12. *See also Sotelo–Aquije v. Slattery,* 62 F.3d 54 (2nd Cir.1995), *Welter v. Sullivan,* 941 F.2d 674 (8th Cir. 1991).

 The Commissioner is not required to demonstrate that her original position was correct, only that it was reasonable. *Pierce,* 487 U.S. at 565, 108 S.Ct. at 2550. "The government's mere loss of the case gives rise to no presumption that the government's position was not substantially justified, and a finding of no substantial evidence does not mandate an award of EAJA fees or complete the court's inquiry." *Herron v. Bowen,* 788 F.2d 1127, 1130 (5th Cir.1986). If the Commissioner can show that its position had a reasonable basis both in law and in fact, fees should be denied. *Broussard,* 828 F.2d at 312, quoting *Herron,* 788 F.2d at 1130.

The Commissioner argues that the undersigned's judgment was based upon an improper application of the Fifth Circuit law and should be reversed. The Commissioner argues that I improperly relied upon the POMS criteria[1] and reweighed the evidence in overruling the ALJ's decision. *See Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994). Further, she did not abuse her discretion in determining that plaintiff's condition did not equal Listing 12.05C, and therefore, her position should be considered substantially justified and no fees and expenses should be awarded.

 After considering the Commissioner's arguments regarding the applicability of the POMS criteria, I altered my ruling to the extent that I essentially affirmed the Commissioner's findings as to non-disability under Appendix 1. Thus, I must also conclude that the Commissioner's position was substantially justified under Appendix 1. While I maintained plaintiff's entitlement to disability benefits under Appendix 2, I also conclude that the Commissioner's position on that issue was substantially justified. There was a reasonable basis in fact and in law for the Commissioner to oppose benefits under Appendix 2.

1. See discussion contained in Memorandum Rul-

### CONCLUSION

For the foregoing reasons, I find that the Commissioner's position in this case was substantially justified and supported by a reasonable basis in fact and in law. I have detailed my findings in my ruling upon the Commissioner's motion to amend. Based upon these findings, I am persuaded that the Commissioner was justified in continuing to defend her position in court. As the Commissioner was substantially justified in her position, counsel for plaintiff is not entitled to reimbursement of fees and expenses under the EAJA.

IT IS THEREFORE ORDERED that the motion filed by counsel for plaintiff for reimbursement of EAJA fees is DENIED.