**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-30626

Summary Calendar

Robbie P. Bordelon

                    Plaintiff-Appellant,

versus

Jo Anne B. Barnhart,
Commissioner of the Social Security Administration

                    Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(03-CV-634)

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant Robbie P. Bordelon appeals the district

court's order vacating and remanding his claim for social security

benefits.  Finding no error, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Robbie P. Bordelon filed a claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act in January 2001. He alleged disability due to stress and an inability to deal with physical activity. As of the date of the final administrative decision, Bordelon was 33-years old. He has a high school education and past work experience as a tire mechanic, an auto parts salesman, and a gas station cashier.

Following a hearing before an Administrative Law Judge (ALJ), Bordelon's applications for benefits were denied. Upon the Appeals Council's denial of Bordelon's request for review, the ALJ's decision became the final administrative decision for purposes of judicial review.

Bordelon then filed a complaint in the District Court for the Western District of Louisiana. After briefing, a magistrate judge recommended that Bordelon be awarded benefits; the district court declined to adopt the magistrate's recommendation and instead vacated and remanded the final administrative decision for further administrative proceedings. Bordelon filed a timely notice of appeal.

We must resolve three issues on appeal. First, the government contends that because the district court granted Bordelon relief, he is not aggrieved by the decision and thus cannot appeal. Next, Bordelon argues that the district court's judgement fails to comport with the separate document requirement set forth in Federal Rule of Civil Procedure 58 and with the remand requirements of 42 U.S.C. § 205(g). Finally, Bordelon contends that the district court abused its discretion in remanding this matter to the Social Security Commission for further proceedings. We review each in turn.

A

The government contends that because the district court granted Bordelon all the relief he requested (i.e., a remand), he is not aggrieved by the court's order and thus cannot appeal. The government relies upon the Supreme Court's decision in *Forney v. Apfel*,[1] in which it stated that a "party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it."[2] In *Forney*, the Court found that the claimant had requested, first, reversal of the administrative decision, and, alternatively, remand for further proceedings. Because the claimant received "some, but not all, of

---

[1]524 U.S. 266 (1998).

[2]*Id.* at 271 (citing *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980)).

the relief requested," the Court held that she could appeal the remand "insofar as it denies her the relief she has sought."[3]

The government's contention mischaracterizes Bordelon's complaint. A review of Bordelon's complaint indicates that he requested either reversal of the administrative decision *or* remand for further proceedings. In paragraph 6 of Bordelon's complaint, he states: "The decision denying Plaintiff's claim is contrary to the law and regulations, and the conclusions and findings of fact of the defendant are not supported by substantial evidence." Although Bordelon does not use the word "reverse," the practical effect of either the errors complained of is a reversal. In addition, in paragraph 11, Bordelon states: "Alternatively, this case should be remanded pursuant to *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002)." And, finally, Bordelon's complaint concludes: "WHEREFORE, Plaintiff prays that this Court: Allow the plaintiff to proceed and file this complaint without prepayment of costs; reverse, remand, and order such relief that the Court deems just and proper."[4] We reject the government's contention and conclude that this case falls squarely under *Forney*.

B

---

[3]*Id.*

[4]In addition, the fact that the magistrate recommended reversing the administrative decision is additional evidence that Bordelon satisfied the requirements of *Forney*.

4

Next, Bordelon contends that the district court's judgment fails to comport with the separate document requirement of Federal Rule of Civil Procedure 58 and with the remand requirements of 42 U.S.C. § 405(g). We find no error.

Bordelon's claim under Federal Rule of Civil Procedure 58 has no merit. Rule 58 provides, in part: "Every judgment and amended judgment must be set forth on a separate document . . . ."[5] A separate document is required in order to clarify when the time for appeal begins to run.[6] The Rule is "a safety valve preserving a litigant's right to appeal in the absence of a separate document judgment."[7] Bordelon fails to specify the specific noncompliance. The district court's remand order is clearly labeled as such, and Bordelon offers no reason why this is not a judgment "set forth on a separate document" as required by Rule 58. Even if the order is not a separate document, Bordelon filed a timely appeal, which, as Rule 58(d) recognizes, "constitute[s] a waiver of this requirement."[8]

---

[5] FED. R. CIV. P. 58(a)(1).

[6] *Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 368 (5th Cir. 2002).

[7] *Baker v. Mercedes Benz of N. Am.*, 114 F.3d 57, 60 (5th Cir. 1997).

[8] FED. R. CIV. P. 58(d); *see also Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-88 (1978) ("If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose.").

Nor do we find merit to Bordelon's claim that the district court did not enter a "substantive ruling" under either sentence four or sentence six of 42 U.S.C. § 405(g). Section 405(g), sentence four, provides: "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[9] Section 405(g), sentence six, provides: "The court may . . . remand the case to the [Commissioner] for further action . . . and it may at any time order additional evidence to be taken . . . ."[10]

Bordelon relies upon *Istre v. Apfel*.[11] There, the Commissioner filed a motion to remand under the fourth sentence of § 405(g). The magistrate recommending granting the motion to remand and denying claimant's motion for summary judgment, because the claimant had not proven entitlement to benefits. The district court adopted the magistrate's report without written opinion. We held that neither the magistrate or the district court provided a "substantive ruling, whether 'affirming, modifying, or reversing' the ALJ's order." We found that the court merely "remanded for

---

[9]42 U.S.C. § 205(g).

[10]*Id.*

[11]208 F.3d 517 (5th Cir. 2000).

further consideration." Thus, we concluded that the remand order failed to satisfy the requirements of § 405(g), sentence four.

Here, both the magistrate and the district court provided a substantive ruling. The district court set forth the legal reasons supporting its conclusions. In addition, the district court stated: "[T]he final decision of the Commissioner is VACATED and this case is REMANDED for further proceedings not inconsistent with this judgment." We find no ambiguity to the district court's ruling.

C

Finally, Bordelon contends that the district court abused its discretion when it remanded his benefits claim for further proceedings. The magistrate recommended an immediate award of benefits. The district court disagreed, noting that the magistrate provided no authority to support his conclusion that, because the hypothetical question posed to the vocational expert was defective, reversal of the ALJ's decision was warranted and remand should only be for the calculation of benefits.

We review the district court's order of remand, under 42 U.S.C. § 205(g), fourth sentence, for an abuse of discretion,[12] and

---

[12]Both parties contend that the proper standard of review is an abuse of discretion, although the government points out that this Court has yet to address the proper standard of review. On two occasions, we have considered remands under § 205(g), fourth sentence. In *Randall v. Sullivan*, after citing the standard of review generally applicable to review of summary judgment, we did not address whether the same *de novo* review applied to a district court's exercise of statutory discretion under § 405(g), fourth sentence. In *Istre*, we considered whether the remand order met the requirements of § 405(g), and thus had no reason to address the appropriate standard of review.

7

we find none. The magistrate determined that the hypothetical questions posed by the vocational expert did not incorporate all of Bordelon's disabilities recognized by the ALJ. The magistrate then concluded that the record lacked substantial evidence to support the ALJ's decision and, thus, reversed and ordered benefits paid. The district court agreed that the ALJ's hypothetical questions to the vocational expert were improper but rejected the magistrate's proposed remedy. Instead, the district court remanded the matter to the ALJ for a proper determine of Bordelon's eligibility for benefits under properly constructed hypothetical questions.

In *Bowling v. Shalala*, we held that "[u]nless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, . . . a determination of non-disability based on such a defective question cannot stand."[13] Here, both the district court and the magistrate found both hypotheticals defective. Neither question included Bordeleon's severe mental impairment of paranoid schizophrenia. By remanding the matter for a proper hypothetical

---

We hold that the proper standard of review of a district court's remand order under § 405(g), fourth sentence, is for an abuse of discretion. This is consistent with our prior, unpublished cases, *see Davis v. Apfel*, No. 00-30373, 2000 WL 1598082, at *1 (5th Cir. Oct. 3, 2000), as well as our cases reviewing remand orders under § 405(g), sixth sentence. *See Salinas v. Schweiker*, 662 F.2d 345, 347 n.2 (5th Cir. 1981); *Allen v. Schweiker*, 642 F.2d 799, 802 (5th Cir. 1981); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994). In addition, § 405(g), fourth sentence, grants courts wide discretion to dispose of matters "with or without remanding the cause for a rehearing." 42 U.S.C. § 205(g).

[13]36 F.3d 431, 436 (5th Cir. 1994); *see also Boyd v. Apfel*, 239 F.3d 698, 707-08 (5th Cir. 2001).

question, the district court did not abuse its discretion.  In fact, this is the precise remedy followed in *Bowling* and *Boyd*.[14]

## III

Accordingly, Bordelon's appeal of the district court's order vacating and remanding his claim for social security benefits is AFFIRMED.

---

[14]*Bowling*, 36 F.3d at 436-38 (remand ordered where ALJ's questioning of vocational expert was defective); *Boyd*, 239 F.3d at 708 (remand order due to ALJ's reliance on defective hypothetical question).