United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

Summary Calendar
No. 06-40746

RICHARD MILLS ROGERS,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
(6:05-cv-00303-MHS-JKG)

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

The district court reversed and remanded Richard Rogers' claim to the Commissioner for

further administrative proceedings. Rogers appeals. Finding no error, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2005, Rogers filed a complaint in district court seeking review of the

Commissioner's decision to deny his application for social security disability benefits. On February

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

7, 2006, the Commissioner filed a Motion to Reverse With Remand. The Commissioner acknowledges that the Administrative Law Judge "drafted a decision that was not supported by substantial evidence and did not follow the appropriate legal standards." The district court granted the Motion to Reverse With Remand on March 2, 2006. Rogers filed a Motion for New Trial on March 9, 2006, arguing, *inter alia*, that the district court should have awarded benefits instead of remanding the case back for further administrative proceedings. The district court denied Rogers' motion. He appeals to this court.

## II. STANDARD OF REVIEW

We review the district court's order of remand, under 42 U.S.C. § 205(g), fourth sentence, for an abuse of discretion.[1]

## III.  DISCUSSION

Rogers argues that he does not believe that the Commissioner will grant him a fair proceeding on remand and seeks a new trial in the district court. There are, however, important and unresolved aspects of Rogers' claim that should first be addressed before the Administrative Law Judge. The Administrative Law Judge should be allowed to give proper consideration to Rogers' treating physician's opinion under 20 C.F.R. § 404.1527 and complete a credibility analysis according to 20 C.F.R. § 404.1529.   In light of these issues and other unresolved issues of fact, it was not an abuse

---

[1] "We hold that the proper standard of review of a district court's remand order under § 405(g), fourth sentence, is for an abuse of discretion. This is consistent with our prior, unpublished cases, *see Davis v. Apfel*, No. 00-30373, 2000 WL 1598082, at *1 (5th Cir. Oct.3, 2000), as well as our cases reviewing remand orders under § 405(g), sixth sentence. *See Salinas v. Schweiker*, 662 F.2d 345, 347 n. 2 (5th Cir.1981); *Allen v. Schweiker*, 642 F.2d 799, 802 (5th Cir.1981); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir.1994). In addition, § 405(g), fourth sentence, grants courts wide discretion to dispose of matters "with or without remanding the cause for a rehearing." 42 U.S.C. § 205(g)." *Bordelon v. Barnhart*, 161 Fed.Appx. 348, 353 (5th Cir. 2005) (unpublished).

2

of discretion for the district court to remand the case back for further administrative proceedings.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

AFFIRMED.