United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 30, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

06-31169
Summary Calendar
_____

OSCAR C. DUDLEY,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana
(06-CV-604)

_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Oscar C. Dudley, appeals the district

court's order remanding his disability-benefits claim for further

administrative proceedings pursuant to sentence six of 42 U.S.C. §

405(g).  Finding no abuse of discretion, we affirm.


I.    BACKGROUND

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dudley worked for nearly four decades as a fisherman. He alleged that his disability began on June 15, 1994, when he was injured while working on a boat. In August 1995, Dudley applied for supplemental security benefits and disability insurance benefits. Both applications were denied initially and on reconsideration. On August 21, 1996, Dudley was granted a hearing before an administrative law judge (ALJ). The ALJ found no disability.

On September 16, 1997, the Appeals Council denied Dudley's request for review. Dudley filed suit in federal district court, seeking review of the denial of benefits decision. The Commissioner moved to remand the case for further proceedings. On October 19, 1998, the district court remanded the case pursuant to the fourth sentence of 42 U.S.C. § 405(g). The remand order directed that an ALJ update Dudley's medical record and conduct a new hearing.

On October 27, 1999, after the new hearing, the ALJ issued a decision, finding that Dudley had been disabled since October 1, 1996. Dudley alleged the onset of disability was the date of his work-related accident on June 15, 1994. Dudley submitted his objections to the Appeals Council on November 19, 1999. Over six years later, on March 6, 2006, Dudley received notice that the Appeals Council declined to assume jurisdiction over the ALJ's decision.

Dudley filed suit in federal district court pursuant to 42

U.S.C. § 405(g) to obtain review of the Commissioner's decision. Prior to filing an answer, the Commissioner filed a motion for remand pursuant to 42 U.S.C. § 405(g), asserting that a remand was necessary because the Office of Hearings and Appeals could not locate the record of the hearing.

Dudley opposed the motion for remand, arguing that the case should not be remanded pursuant to sentence six of § 405(g). Instead, he argued that it should be remanded pursuant to sentence four of § 405(g) because without the record, the denial is not supported by substantial evidence. He further argued that the Commissioner had failed to demonstrate compliance with internal procedures regarding searching for the missing record.

The magistrate judge found that the Commissioner had shown good cause for remand and recommended that the action be remanded pursuant to sentence six of § 405(g). Dudley objected, reiterating his previous arguments. After de novo review, the district court granted the Commissioner's motion to remand for the reasons stated in the magistrate judge's report. Dudley appeals.[1]

II. ANALYSIS

A. Substantial Evidence

Dudley contends that the district court erred in remanding the case pursuant to the sixth sentence of § 405(g). Instead, he

---

[1] We note that the facts are taken from Dudley's brief. There is no administrative record, and the Commissioner has failed to file an appearance of counsel or brief.

3

contends that the district court should have reversed the denial of benefits because it was not supported by substantial evidence and remanded it pursuant to the fourth sentence of § 405(g).

We review the decision to deny benefits to determine whether the decision is supported by substantial evidence. *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir. 1995). Dudley argues that because the Appeals Council did not review the missing hearing record, there was not substantial evidence to support the Commissioner's denial of benefits. However, according to Dudley's recitation of the facts, the Appeals Council "declined to assume jurisdiction over the decision of the ALJ that was issued on October 27, 1999." Brief at 5. Accordingly, it appears that the Appeals Council did not review the decision. Moreover, it is unclear whether the record was lost prior to the Appeals Council's order. Under these circumstances, we are unable to determine whether substantial evidence supported the denial of benefits.[2]

B.   Remand

Dudley also argues that the district court erred in remanding pursuant to the sixth sentence in § 405(g). We review the decision to remand for abuse of discretion. *Bordelon v. Barnhart*, No. 05-30626, 2005 WL 3502067, * 3 n.12 (5th Cir. 2005) (unpublished).

A federal court may remand a social security case pursuant

---

[2]   However, Dudley may raise this claim after further administrative proceedings provide a record.

4

only to the fourth and sixth sentences of § 405(g). *Melkonyan v. Sullivan,* 501 U.S. 89, 97-98 (1991). "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.'" *Id.* at 98.

In contrast, if a remand is pursuant to the sixth sentence of § 405(g), "[t]he district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination." *Id.* In the case of a remand pursuant to sentence six, the district court retains jurisdiction of the case. *Istre v. Apfel,* 208 F.3d 517, 519 (5th Cir. 2000). More specifically, sentence six provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner . . . files [an] answer, remand the case to the Commissioner . . . for further action by the Commissioner . . . ."[3]

---

[3]  The full text of the sixth sentence of § 405(g) provides that:

> The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, and it may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such

Here, the Commissioner did file a motion to remand prior to filing an answer. Thus, the question is whether good cause was shown. The statute's legislative history demonstrates Congress intended that a lost record would constitute good cause for a remand:

> [T]here are sometimes procedural difficulties which prevent the [Commissioner] from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed . . . good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record which the court may review.

*Evangelista v. Secretary of Health and Human Serv.,* 826 F.2d 136, 141 (1st Cir. 1987) (quoting H.R. Conf.Rep. No. 944, 96th Cong., 2d Sess. 59, *reprinted in* 1980 U.S.Code Cong. & Ad.News 1277, 1407).

Dudley acknowledges that a missing record may constitute good cause. Nonetheless, he argues that the Commissioner has not acted in good faith by failing to acknowledge that the record was missing until "forced to do so." This Court has found bad faith when the Appeals Council denied benefits despite a missing record. *Baker v. Bowen*, 839 F.2d 1075, 1081–82 (5th Cir. 1988). However, in that case, the facts were undisputed. Here, it is not clear when the

---

additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

record was lost.  The missing record and the Commissioner's failure to file a brief or even respond with an explanation for such failure has made it impossible to make a determination of good faith.[4]  Accordingly, we are constrained to conclude that the district court did not abuse its discretion in finding that the missing record constituted good cause for remanding the case pursuant to sentence six of § 405(g).

Nonetheless, we are troubled by the six-year delay between the second hearing and the Appeals Council's decision to decline jurisdiction.  "Because of the lengthy history of this case as it has wound its way through administrative channels and judicial appeals, we urge the [Commissioner] to expedite reconsideration of this matter, giving final resolution of [Dudley's] claim highest priority."  *Parks v. Harris,* 614 F.2d 83, 85 (5th Cir. 1980).

The district court's judgment is AFFIRMED.

---

[4]  We note that Dudley is free to raise the claim of bad faith after further administrative proceedings provide a record.