# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2011

No. 11-10359
Summary Calendar

Lyle W. Cayce
Clerk

ROBIN FRENCHELL McKENZIE,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

Defendant-Appellee.

Appeals from the United States District Court
for the Northern District of Texas
4:10-CV-00879-A-BJ

Before KING, SMITH and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Robin Frenchell McKenzie ("McKenzie"), proceeding *pro se*[1], appeals the district court's orders (1) granting the motion to remand for further administrative proceedings by the Commissioner of the Social Security

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This court recognizes that McKenzie represents herself as a *pro se* litigant, so out of an abundance of latitude, this court liberally construes McKenzie's allegations in particular when the proceedings raise such complex issues of both civil and administrative procedure. *See, e.g., Securities and Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993).

No. 11-10359

Administration ("Agency") and (2) denying McKenzie's motion for reconsideration of the Agency's remand motion.  We affirm the orders of the district court.

## I.  Essential Facts and Procedural History

On November 18, 2010, McKenzie filed a complaint in this case with the district court.  McKenzie filed this civil action seeking judicial review of the Agnecy's final administrative decision denying her application for disability insurance benefits pursuant to Title II of the *Social Security Act* ("Title II").  On January 31, 2011, the Agency sought voluntary remand to the Agency, because the Agency could not locate the Administrative Law Judge's decision allegedly dated March 21, 2008, and the recording of the administrative hearing allegedly held on February 12, 2008.

On February 3, 2011, the district court granted the Agency's motion to remand.   On February 15, 2011, McKenzie filed a combined motion to oppose remand and motion for reconsideration.  On March 1, 2011, McKenzie filed an amendment to her motion for reconsideration.  On March 2, 2011, the district court denied McKenzie's combined motion to oppose remand and motion for reconsideration.  On April 1, 2011, McKenzie appealed.  On July 21, 2011, this court granted McKenzie's motion to expedite the appeal.

## II.  Standard of Review

This court reviews for abuse of discretion the district court's order for remand pursuant to 42 U.S.C. § 405(g).  *Bordelon v. Barnhart*, 161 F.App'x 348, 353 (5th Cir. 2005); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Salinas v. Schweiker*, 662 F.2d 345, 347 n.2 (5th Cir. 1981); *Allen v. Schweiker*, 642 F.2d 799, 802 (5th Cir. 1981).  Remand pursuant to 42 U.S.C. § 405(g) is authorized under two circumstances: (1) on motion of the Agency for good cause before the Agency's answer has been filed, or (2) for consideration of additional evidence upon a showing that the evidence is new and material, and that good cause

2

No. 11-10359

exists for the claimant's failure to present the evidence earlier. *Melkonyan v. Sullivan,* 501 U.S. 89, 100 n.2 (1991).

### III.  Analysis

Title II provides, in relevant part:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).  This court has recognized that the legislative history of 42 U.S.C. § 405(g) authorizes, with limitation, a lost record or a lost claim file as constituting good cause for a court to remand a claim to the Agency. *Dudley v. Astrue*, 246 Fed. Appx. 249, 252 (2007) (citing *Evangelista v. Secretary of Health and Human Serv.,* 826 F.2d 136, 141 (1st Cir. 1987) (quoting H.R. Conf.Rep. No. 944, 96th Cong., 2d Sess. 59, *reprinted in* 1980 U.S.Code Cong. & Ad.News 1277, 1407)):

> The conferees have been informed that there are sometimes procedural difficulties which prevent the

3

secretary from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. *Where, for example, the tape recording of the claimant's oral hearing is lost* or inaudible, or cannot otherwise be transcribed, or *where the claimant's files cannot be located* or are incomplete, *good cause would exist to remand the claim to the secretary for appropriate action to produce a record which the courts may review under [42 U.S.C. §] 205(g) of the act. It is the hope of the conferees that remands on the basis of these breakdowns in the administrative process should be kept to a minimum so that persons appealing their decision are not unduly burdened by the resulting delay.* (Emphasis added.)

Here, in the Agency's motion for remand, the Agency represented that "[u]pon receipt of the Court's order, the Appeals Council will remand the case to an Administrative Law Judge for reconstruction of the administrative record, and to hold an administrative hearing and issue a new decision." Indeed, good record keeping is a hallmark of transparency and helps ensure trust and confidence in the fairness of the Agency's actions. With a great appreciation for and due recognition to the administrative burdens on the Agency, this court implores the Agency to strive to maintain its records with the utmost attention, care and diligence.

## IV. Conclusion

McKenzie's claim is hereby remanded to the Agency pursuant to 42 U.S.C. § 405(g) for further proceedings with – for reasons particular to this case – this court's strong encouragement to the Agency to expedite McKenzie's proceedings forthwith. For the foregoing reasons, the judgment of the district court is AFFIRMED.

IT IS FURTHER ORDERED that McKenzie's motion for summary judgment is DISMISSED.