# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30883

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2015

Lyle W. Cayce
Clerk

JANET FAYE DAVIS,

Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-231

Before JOLLY and DENNIS, Circuit Judges, and REEVES*, District Judge.

PER CURIAM:**

Janet Davis appeals the district court's remand of her case to the Commissioner of the Social Security Administration for further proceedings. Davis argues that, instead of remanding for further proceedings, the district court was required to remand with instructions to award Davis benefits. We

---

* District Judge of the Southern District of Mississippi, sitting by designation.

** Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

disagree and, finding no abuse of discretion in the district court's remand order, AFFIRM.[1]

The fourth sentence of 42 U.S.C. § 405(g) grants district courts the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Contrary to Davis's contentions, sentence four grants district courts "wide discretion" to remand a case for further proceedings. *See* 42 U.S.C. § 405(g); *Bordelon v. Barnhart*, 161 F. App'x 348, 352-53 n.12 (5th Cir. 2005).

The district court did not abuse its discretion when it remanded Davis's case to the Commissioner for further proceedings. To the contrary, the district court acted prudently because important and unresolved aspects of Davis's claim should first be addressed by the administrative law judge. For example, the magistrate judge noted that "the record would be more complete if [Davis's treating physician's] medical records were included." To address this record deficit, the district court adopted the magistrate judge's instruction that the administrative law judge "subpoena any and all medical records from [Davis's] treating physician" and then "properly assess the opinion of [the] treating physician . . . in accordance with 20 C.F.R. § 404.1527(d)(2)." Given that more evidence is required and fact-findings from the administrative law judge are needed, the district court properly exercised its discretion to remand the case for further proceedings. *See, e.g., Ferguson v. Schweiker*, 641 F.2d 243, 249–50 (5th Cir. 1981) (remanding the case so that it could be returned to the Commission for further proceedings because the record was "simply

---

[1] We review the district court's order of remand, under the fourth sentence of 42 U.S.C. § 405(g) for an abuse of discretion. *See Dudley v. Astrue*, 246 F. App'x 249, 251 (5th Cir. 2007); *Bordelon v. Barnhart*, 161 F. App'x 348, 352–53 n.12 (5th Cir. 2005); *see also Allen v. Schweiker*, 642 F.2d 799, 802 (5th Cir. 1981) ("The district court acted within its discretion in denying the motion to remand.").

inconclusive" on several pertinent facts), *rev'd on other grounds*, *Johnson v. Heckler*, 767 F.2d 180 (5th Cir. 1985); *Fruge v. Harris*, 631 F.2d 1244, 1247 (5th Cir. 1980) (remanding the case so that it could be returned to the Commission for further proceedings because "[t]he present state of the record with regard to [the plaintiff's] employment capabilities and opportunities makes it impossible for us to rule definitively").

Finding no abuse of discretion in the district court's order, we AFFIRM.[2] Recognizing that these additional proceedings will prolong the dispute, we urge the Commissioner to expedite consideration of Davis's application, giving its final resolution highest priority.

---

[2] Davis contends that the district court's decision was not a substantive ruling. She is incorrect. The district court issued a substantive ruling when it ordered that "the Commissioner's decision is REVERSED." *See Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000) (noting that where a "remand order issued by the district court . . . explicitly reversed the previous decision of the Secretary[,] . . . [t]hat reversal placed the remand squarely within the dictates of sentence four" of § 405(g)).